UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br>        Plaintiff,<br>    v.<br>AUTOZONE, INC.,<br>        Defendant. | Case No. 17-cv-02941-PJH<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT AND VACATING HEARING**<br><br>Re: Dkt. No. 29 |

Before the court is plaintiff Scott Johnson's motion for summary judgment. Mot., Dkt. 29-1. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for April 17, 2019 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion.

On May 22, 2017, plaintiff filed this action, asserting two claims: (1) violation of 42 U.S.C. §§ 12101, et seq., the Americans with Disabilities Act of 1990 (the "ADA"); and (2) violation of California Civil Code §§ 51–53, the Unruh Civil Rights Act (the "Unruh Act"). Dkt. 1. Plaintiff's complaint sought injunctive relief, actual damages, and fees and costs. Id.

On February 27, 2019, plaintiff filed a motion for summary judgment and requested two forms of relief: (1) an order directing defendant AutoZone, Inc. ("AutoZone") to provide and maintain an accessible parking space at its store located at or about 5747 Pacheco Blvd., Pacheco, California; and (2) judgment in favor of plaintiff for $8,000. Mot. at 1, 10–12. On March 12, 2019, defendant filed a statement of non-

1 opposition, stating that it "will not, and does not, oppose" plaintiff's summary judgment

2 motion. Dkt. 32. Specifically, AutoZone does not oppose the two forms of relief plaintiff

3 seeks. Id.

**A.  Legal Standard**

A party may move for summary judgment on a "claim or defense" or "part of . . . [a] claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Material facts are those that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

On an issue where the nonmoving party will bear the burden of proof at trial, the moving party may carry its initial burden of production by submitting admissible "evidence negating an essential element of the nonmoving party's case[.]" Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1106 (9th Cir. 2000); see also Celotex, 477 U.S. at 324–25 (moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case).

When the moving party has carried its burden, the nonmoving party must respond with specific facts, supported by admissible evidence, showing a genuine issue for trial. Fed. R. Civ. P. 56. But allegedly disputed facts must be material—the existence of only "*some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" Anderson, 477 U.S. at 247–48.

When deciding a summary judgment motion, a court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor.

Id. at 255; Hunt v. City of Los Angeles, 638 F.3d 703, 709 (9th Cir. 2011).

When a motion for summary judgment is not opposed, the moving party must still affirmatively show that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. See Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir. 2003); see also Heinemann v. Satterberg, 731 F.3d 914, 917 (9th Cir. 2013); Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993) ("Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.").

**B.  Analysis**

Title III of the ADA provides, in part:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a); see generally Lonberg v. Sanborn Theaters, Inc., 259 F.3d 1029, 1033–36 (9th Cir. 2001). "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010). "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945–46 (9th Cir. 2011).[1]

---

[1] "There are three categories of accessibility requirements under Title III of the ADA—the 'new construction' provisions, which apply to public accommodations constructed after January 26, 1993; the 'alteration' provisions, which apply to post-January 26, 1992 alterations to buildings that existed as of that date; and the 'readily achievable' provisions, which apply to unaltered portions of buildings constructed before January 26, 1993." Moeller, 816 F. Supp. 2d at 847. Plaintiff only argues that the "readily achievable"

"Any violation of the ADA necessarily constitutes a violation of the Unruh Act." Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007) (citing Cal. Civ. Code § 51(f)). Thus, to the extent plaintiff prevails on his ADA claim at summary judgment, he also prevails on an Unruh Act claim. Id.; see also Shaw v. Kelley, Case No. 16-cv-03768-VKD, 2019 WL 497620, at *9 (N.D. Cal. Feb. 7, 2019) ("The Court having granted summary judgment for Mr. Shaw on several matters under the ADA as discussed above, summary judgment is also granted in his favor for those same matters under the Unruh Act.").

Regarding the first element, Johnson has submitted evidence showing that he is disabled. Dkt. 29-4 (Johnson Decl.) ¶¶ 2–3 ("I am quadriplegic. I cannot walk and have significant manual dexterity impairments. I use a wheelchair for mobility."). The evidence meets plaintiff's burden of demonstrating that there is no genuine dispute of material fact with respect to the first element, and defendant has submitted no competing evidence or argument.

Regarding the second element, Johnson has submitted evidence showing that defendant is a private entity that operates a place of public accommodation. Dkt. 12 (Answer) ¶ 9 ("Defendant admits that the AutoZone store located at 5747 Pacheco Boulevard, Pacheco, California, is a business establishment that serves the public."); Dkt. 29-11 (AutoZone's supplemental responses to plaintiff's requests for admission) at ECF pp. 5–6 (admitting that the property at issue is a business that sells goods to the public owned and operated by defendant). The evidence meets plaintiff's burden of demonstrating that there is no genuine dispute of material fact with respect to the second element, and defendant has submitted no competing evidence or argument.

Regarding the third and final element, Johnson has submitted evidence showing that he was denied public accommodations by the defendant because of his disability. This element "is met if there was a violation of applicable accessibility standards."

---

provisions apply. See Mot. at 8–9.

4

Moeller, 816 F. Supp. 2d at 847. The applicable accessibility standards require that "[e]lements that do not comply with the requirements for those elements in the 1991 Standards . . . must be modified to the extent readily achievable." 28 C.F.R. § 36.304(d)(2)(ii)(B) & app. Removal of barriers is "readily achievable" when it is "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). To determine whether an action is "readily achievable," the court considers "(A) the nature and cost of the action needed . . .; (B) the overall financial resources of the facility [and] . . . the impact . . . of such action upon the operation of the facility; (C) the overall financial resources of the covered entity . . .; and (D) the type of operation or operations of the covered entity . . . ." Id.

Under the 1991 Accessibility Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 28 C.F.R. pt. 36, app. D § 4.6.3. Plaintiff has submitted evidence showing that the access aisle is not level (with surface slopes exceeding 2%) and has a ramp extending into the access aisle. Dkts. 29-8, 29-9, 29-10. With respect to whether modification is readily achievable, plaintiff provides evidence that defendant has the necessary financial resources. Dkt. 29-11 at ECF p. 8. Plaintiff also presents evidence showing that defendant concedes that it is readily achievable to remove the barriers to accessibility and to make the property accessible to persons with disabilities.[2] Id. at ECF p. 7. Considering the relevant factors, plaintiff has met his burden of proof to show that the removal of the barriers at issue is readily achievable in light of the nature and cost of providing accessible parking and defendant's financial resources and operations. That evidence meets plaintiff's burden of demonstrating that there is no genuine dispute of material fact with respect to the third element, and defendant has submitted no competing evidence or argument.

---

[2] Plaintiff also argues that providing accessible parking is "presumed to be readily achievable" by the Code of Federal Regulations, but "there is no support in the statute or the regulations for a claim that removal of certain types of barriers is *per se* readily achievable." Mannick v. Kaiser Found. Health Plan, Inc., Case No. 03-cv-5905-PJH, 2006 WL 2168877, at *9 (N.D. Cal. July 31, 2006).

5

Because plaintiff has established a violation of the ADA, he has established a violation of the Unruh Act. See Molski, 481 F.3d at 731; Cal. Civ. Code § 51(f).

Plaintiff seeks injunctive relief and statutory damages. Injunctive relief is available under the ADA. 42 U.S.C. § 12188(a). Such injunctive relief "shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities" to the extent required by the ADA. Id. Plaintiff seeks an injunction directing AutoZone to provide and maintain an accessible parking space at the AutoZone store located at or about 5747 Pacheco Blvd., Pacheco, California. Defendant does not oppose that remedy. Dkt. 32. The court finds the remedy appropriate.

Plaintiff seeks statutory damages under the Unruh Civil Rights Act of $4,000 for his first encounter at the store, and an additional $4,000 covering all subsequent times he was deterred from patronizing the store. See Cal. Civ. Code § 52(a). Defendant does not oppose that remedy. Dkt. 32. The court finds the remedy appropriate.

## CONCLUSION

The court finds that, in light of plaintiff's evidence and the fact that his motion is unopposed, summary judgment is appropriate. Plaintiff's motion for summary judgment is GRANTED. The hearing set for April 17, 2019 is VACATED.

**IT IS SO ORDERED.**

Dated: March 18, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge