CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mary Melton, Esq., SBN 164407
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff SCOTT JOHNSON

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, | **Case:** 17-CV-02941-PJH |
| Plaintiff, | |
| v. | **Memorandum of Points and Authorities in Support of Motion for An Award of Attorney's Fees** |
| **Autozone, Inc.**, a Nevada Corporation; and Does 1-10, | Date: May 8, 2019<br>Time: 9:00 a.m.<br>Ctrm: 3 (3rd Floor) |
| Defendants. | |
| | Hon. Judge Phyllis J. Hamilton |

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ...................................................1

II.  HISTORY OF SETTLEMENT NEGOTIATIONS**Error! Bookmark not defined.**

III. REASONABLENESS OF FEES..............................................1

    A.   Hourly Rates ...............................................................2

    B.   Hours Reasonably Expended ............................................10

IV.  HENSLEY FACTORS ....................................................11

    A.   Time and Labor Required .................................................12

    B.   Novelty and Difficulty of Issues.........................................12

    C.   Skill Required to Perform Legal Service ...........................12

    D.   Preclusion of Other Work ...............................................13

    E.   Customary Fee .............................................................14

    F.   Fixed or Contingent Fee ................................................14

    G.   Time Limitations .........................................................14

    H.   Amount Involved and Results Obtained .........................14

    I.   Experience and Ability of Attorneys ................................15

    J.   Undesirability of the Case .............................................15

    K.   Nature and Length of Professional Relationship with Client ..........15

    L.   Awards in Similar Cases. ..............................................16

V.   LITIGATION COSTS................................................16

VI.  CONCLUSION ......................................................16

**TABLE OF AUTHORITIES**

**Cases**

*Blackwell v. Foley*,
   724 F. Supp. 2d 1068 (N.D. Cal. 2010) .........................................................2, 7

*Boemio v. Love's Restaurant*,
   954 F.Supp. 204 (S.D. Cal. 1997) ....................................................................12

*City of Sacramento v. Drew*,
   207 Cal. App. 3d 1287 (1989) ...........................................................................1

*Copeland v. Marshall*,
   641 F.2d 880 (1980) .............................................................................................7

*Hansen v. Deercreek Plaza, LLC*,
   420 F.Supp.2d 1346 (S.D.Fla 2006) .............................................................6, 7

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) .................................................................................. 1, 2, 7, 8

*Jankey v. Poop Deck*,
   537 F.3d 1122 (9th Cir. 2008) ...........................................................................1

*Koire v. Metro Car Wash*,
   40 Cal.3d 24 (1985) ...........................................................................................11

*Lindy Bros. Builders, Inc. of Phila. v. American Radiator*,
   487 F.2d 161 (3rd Cir 1973) .............................................................................7

*Lovell v. Chandler*
   (9th Cir. 2002) 303 F.3d 1039 ........................................................................13

*Margolin v. Regional Planning Comm'n*,
   134 Cal.App.3d 999 (1982) ................................................................................5

*PLCM Group, Inc. v. Drexler,*

    22 Cal.4th 1084 (2000) ........................................................................ 2

*San Bernardino Valley Audubon Society, Inc. v. County of San Bernardino,*

    155 Cal.App.3d 738 (1984) ............................................................... 2

*Serrano v. Priest,*

    20 Cal.3d 25 (1977) ........................................................................... 7

*United Steelworkers of Am. v. Phelps Dodge Corp.,*

    896 F.2d 403 (9th Cir. 1990) ........................................................... 6

*Van Gerwen v. Guarantee Mutual Life,*

    214 F.3d 1041 (9th Cir. 2000) ........................................................ 8

*Wehr v. Burroughs Corp.,*

    477 F.Supp. 1012 (E.D.Pa. 1979) .................................................. 2

*Welch v. Metropolitan Life Ins. Co.,*

    480 F.3d 942 (9th Cir. 2007) ........................................................... 3

*Woodland Hills Residents Ass'n., Inc. v. City Council,*

    23 Cal.3d 917 (1979) ........................................................................ 2

**Statutes**

42 U.S.C. § 12205 .................................................................... 1, 13

Cal. Civ. § 52(a) .................................................................... 1, 11

## I.  PRELIMINARY STATEMENT

Mr. Johnson is a person with disabilities who uses a wheelchair for mobility. He sued the defendants as owners and operators of the AutoZone Store, Pacheco, California for failure to provide accessible parking spaces at The Store although the law has required it for 26 years. On March 18, 2019, the Judgment was entered in favor of Plaintiff awarding statutory damages of $8,000. *See* Dkt Entry 34; 35 and 36.

As the prevailing party under both the Americans with Disabilities Act and Unruh Civil Rights Act, Plaintiff now moves the Court for an award of attorney's fees and costs.

## II.  REASONABLENESS OF FEES

Under the American with Disabilities Act, attorney's fees are available to a prevailing party. 42 U.S.C. § 12205. Additionally, under the Unruh Civil Rights Act, a defendant "is liable for" any attorney fees" suffered by any person denied the rights" provided for under Unruh. Cal. Civ. § 52(a). Successful litigants are entitled to reasonable attorney fees "to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Consequently, recovery is the rule rather than the exception." *Jankey v. Poop Deck*, 537 F.3d 1122, 1131 (9th Cir. 2008) (internal citations omitted).

This is a civil right entitlement, not a windfall. "It must be remembered that an award of attorneys' fees is not a gift. It is just compensation for expenses actually incurred in vindicating a public right." *City of Sacramento v. Drew*, 207 Cal. App. 3d 1287, 1304 (1989).

The "fundamental objective" of attorney fee statutes is "to encourage suits effectuating a strong policy by awarding **substantial attorney's fees** ... to those who successfully bring such suits . . .." *Woodland Hills Residents Ass'n., Inc. v. City Council*, 23 Cal.3d 917, 933 (1979) (emphasis added). To accomplish this, the award must be large enough "to entice competent counsel to undertake difficult public interest cases." *San Bernardino Valley Audubon Society, Inc. v. County of San Bernardino*, 155 Cal.App.3d 738, 755 (1984). Thus, there is a "requirement of an award of substantial attorney fees" in these disability access civil rights cases. *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1076 (N.D. Cal. 2010) (a disability access case involving both the ADA and Unruh Civil Rights Act).

The documentation submitted in support of a request for attorney fees should be sufficient to satisfy the court, or indeed a client, that the hours expended were actual, non-duplicative and reasonable and to appraise the court of the nature of the activity and the claim on which the hours were spent. *See Hensley*, 461 U.S. at 437; *Wehr v. Burroughs Corp.*, 477 F.Supp. 1012, 1016–18 (E.D.Pa. 1979), *modified on other grounds* at *Wehr v. Burroughs Corp.*, 619 F.2d 276 (3rd Cir. 1980). The billing statements attached as exhibit 2 meet this standard.

## A.      Hourly Rates

A reasonable hourly rate reflects the skill and experience of the lawyer, including any relevant areas of particular expertise, and the nature of the work performed. *See Hensley*, 461 U.S. at 433-34. The reasonable market value of the attorney's services is the measure of a reasonable hourly rate. *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1094 (2000). This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represented the client on a straight

contingent fee basis, or are in house counsel. *Id.*; *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007).

### 1. Rates of Handling Attorneys

This matter was staffed by multiple attorneys[1], delegating work where appropriate to reduce the overall number of hours needed on the case. The billing reflects that this division of labor did not incur additional hours and reflects specialization and delegation of tasks to more junior attorneys. Each attorney's qualifications are listed below:

Mark Potter founded the Center for Disability Access, have devoted more than 95% of my practice to disability issues for 20 years. He was a former officer of the California's for Disability Rights, Chapter Number One—the oldest and most prestigious disability civil rights advocacy organization in California, as well as a board member of the prestigious Southern California Rehabilitation Services. He has given ADA seminars throughout the state of California and published in numerous disabled rights periodicals. He has litigated over 2,000 disability cases. His expertise and experience with ADA cases is almost unparalleled in California. He has been interviewed on CNN as an ADA legal expert. He is qualified to bill at $650 per hour.

Attorney Russell Handy is qualified to bill at $650 per hour. He graduated Magna Cum Laude from California Western, has taught as an adjunct professor, has clerked for the Ninth Circuit Court of Appeals, and has devoted his private practice to disability litigation for the last 19 years. He has prosecuted over a thousand ADA cases, has prosecuted over 40 ADA trials and

---

[1] Due to the age of this matter, nearly two years, some attorneys (Mary Melton, Isabel Masanque and Sara Gunderson) had to substitute out of the matter as a result of changing employment and health issues.

appeared at either state or federal appellate court forums on ADA cases over 30 times. He has argued disability cases before the California Supreme Court and was awarded the California Magazine's Attorney of the Year (CLAY) award for 2010 for his disability work that resulted in a significant ruling for disability litigants under the Unruh Civil Rights Act. (*See Munson v. Del Taco, Inc.* (2009) 46 Cal.4th 66). He has appeared on ABC's show 20/20 as an expert in ADA litigation. In 2011, the San Diego Daily Transcript named him one of San Diego's "Top Attorneys 2011."

Phyl Grace is qualified to bill at $650 per hour. She has been practicing for more than 22 years. Over the last decade, she has focused exclusively on disability access litigation. She has handled trials, taken depositions, drafted motions, and otherwise litigated hundreds and hundreds of civil rights cases.

Attorney Mary Melton is qualified to bill at $500 per hour. As a graduate of UC Davis School of Law in 1992, Ms. Melton has been licensed to practice law for 24 years. She worked in plaintiff's consumer protection litigation for 4 years prior to litigating for 10+ years in insurance defense. Ms. Melton has handled multi-million dollar personal injury cases as well as employment, construction, premises liability, and public entity cases. She has appeared for hundreds of depositions and mediations. She has written numerous winning summary judgment motions in difficult employment law cases. Ms. Melton has argued before the Third Appellate District and won, and also written appellate briefs that have prevailed. Ms. Melton has handled hundreds of ADA access cases.

Attorney Dennis Price is qualified to bill at $500 per hour. Mr. Price graduated from Loyola Law School in Los Angeles in 2011 where he served on the Moot Court Honors Board and represented the school in appellate competitions. Mr. Price clerked for the California Court of Appeal and then

worked for a large non-profit firm working on behalf of disadvantaged communities prior to joining Potter Handy in 2012. Since then, Mr. Price has been involved in hundreds of disability rights cases, participating in all stages of litigation from inception through trial as well as arguing in both the California Court of Appeal and the 9th Circuit.

Attorney Isabel Masanque is qualified to bill at $500 per hour. She graduated cum laude in 2012 from California Western School of Law. During law school, Ms. Masanque received an AmJur award in Public Interest law and was a member of California Western's Pro Bono Honors Society. She was also a writer and editor for California Western's two law review journals. Ms. Masanque's article, "*Progressive Realization Without the ICESCR: The Viability of South Africa's Socioeconomic Rights Framework, and its Success in the Right to Access Health Care*" was accepted for publication in California Western's International Law Journal. She was also published in the Bulletin of Health Law and Policy in 2012 for her article on the Generic Drug User Fee Act. Ms. Masanque also displayed her oral advocacy skills during law school, becoming a semi-finalist at California Western's Legal Skills Appellate Competition, and successfully defending a defendant in a criminal jury trial during her internship at the San Diego County Public Defender's Office, under the supervision of a Deputy Public Defender through the Practical Training of Law Students Program. Ms. Masanque began her career at the Center for Disability Access in 2012 as a legal intern where she participated in and was trained extensively on handling discovery issues. She was then admitted to the Bar in 2013, and continues to oversee discovery matters as an attorney at the firm.

Attorney Chris Carson is qualified to bill at $500 per hour. Ms. Carson has been prosecuting disability access cases for over five years in both state and federal court. She has conducted discovery, drafted and opposed Motions for Summary Judgment, and prepared for trial in hundreds of cases brought under

both Title II and Title III of the ADA. Ms. Carson graduated cum laude in the top 10% of her class from California Western School of Law in 2011. While in law school Ms. Carson served as a writer and editor for California Western's two law reviews. Her article, "Lords of the Manor: Fighting California Slumlords with Private Multi-Plaintiff Implied Warranty of Habitability Litigation," was accepted for publication by The Scholar, St. Mary's Law Review on Minority Issues.

Attorney Amanda Lockhart is qualified to bill at $500 per hour. Ms. Seabock received her undergraduate degree in Communications and German from the University of Pittsburgh. She graduated from California Western School of Law in 2011, where she was an elected representative to the Student Bar Association, a Student Ambassador, and wrote for the school newspaper. Ms. Seabock earned the designation of "Distinguished Advocate" in Appellate Advocacy as well as an Am Jur award in an invitation only Advanced Appellate Skills class.

Ms. Seabock joined Potter Handy in 2012, first as an intern and then as an attorney. She is admitted in all federal courts in California and has appeared on behalf of the firm in each at varying stages of litigation. She has also managed the firm's discovery team and drafted motions for summary judgment and complaints. Beginning in 2018, Ms. Seabock began overseeing all disability rights cases in California's Northern District.

Attorney Sara Gunderson is qualified to bill at $410 per hour. Ms. Gunderson graduated from California Western School of Law in 2013, after leaving a lucrative career in computational linguistics. At California Western, she was a Trustee's Scholar; was an executive to the Moot Court Honors Board; and acted as a teaching assistant in the international comparative law program, where she taught two weekly sections to foreign born, comparative law students. Ms. Gunderson co-founded the Alternative Dispute Resolution club at

CWSL, where she served on the executive committee as the fundraising chair. For the last two years, she has worked exclusively in championing disability civil rights. She has drafted complaints, conducted site inspections, litigated cases from the discovery stage, including related motion practice and mediations, to case resolution.

Attorney Elliott Montgomery is qualified to bill at $410 per hour. Mr. Montgomery graduated from California Western School of Law in 2011. In law school, Mr. Montgomery received awards for academic excellence in both Constitutional Law and Trial Skills. He earned the title of "Distinguished Advocate" as a competitor on California Western's mock trial team, and was awarded Best Advocate at an American Association for Justice Moot Court competition. Mr. Montgomery has worked for the Department of Justice as a Special Assistant United States Attorney in the Eastern District of California, and as a Professional Fiduciary for Central Valley Fiduciary Services. He has drafted complaints, conducted site inspections, litigated cases from the discovery stage, including related motion practice and mediations, to case resolution.

Attorney Bradley Smith is qualified to bill at $410 per hour. Mr. Smith graduated from the University of California Berkeley. He received a Bachelor of Arts in Social Policy and Jurisprudence. He graduated from McGeorge School of Law in 2013. Mr. Smith was a solo-practitioner for three years, and he represented clients during family law litigation. He was a member of Amador County and El Dorado County's Court-Appointed Juvenile Dependency Panel. He also represented children during international and interstate custody disputes. Most recently, Mr. Smith worked as staff counsel for California's Department of Corrections and Rehabilitation. Mr. Smith joined Potter Handy in 2018.

Plaintiff's attorneys' disability rights work has helped to shape ADA law with numerous, precedent setting opinions including, but not limited to the following published cases: *Lozano v., C.A. Martinez Family Ltd. Partnership*, 129 F.Supp.3d 967 (S.D. Cal. 2015); *Fortyune v. City of Lomita*, 766 F.3d 1098 (9th Cir. 2014); *Cortez v. City of Porterville*, 5 F.Supp.3rd 1160 (E.D. Cal. 2014); *Johnson v. Wayside Prop., Inc.*, 41 F.Supp.3d 973 (E.D. Cal. 2014); *Daubert v. Lindsay Unified School District*, 760 F.3d 982 (9th Cir. 2014); *Munson v. Del Taco, Inc.*, 46 Cal.4th 66 (2009); *Nicholls v. Holiday Panay Marina, L.P.*, 93 Cal.Rptr.3d 309 (Cal. App. 4th 2009); *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159 (S.D. Cal. 2009); *Kittok v. Leslie's Poolmart, Inc.*, 687 F. Supp. 2d 953 (C.D. Cal. 2009); *Deanda v. Sav. Inv., Inc.*, 267 F. App'x 675, 676 (9th Cir. 2008); *Miller v. California Speedway Corp.* (9th Cir. 2008) 536 F.3d 1010; *Munson v. Del Taco, Inc.*, 522 F.3d 997 (9th Cir. 2008); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126 (C.D. Cal. 2005); *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075 (9th Cir. 2004); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133 (9th Cir. 2002); *Wyatt v. Ralphs Grocery Co.*, 65 Fed.Appx. 589 (9th Cir. 2003); *Botosan v. Paul McNally Realty*, 216 F.3d 827 (9th Cir. 2000); *Wyatt v. Liljenquist*, 96 F. Supp. 2d 1062 (C.D. Cal. 2000).

### 2. Comparison Rates

The Northern District of California is no stranger to ADA litigation and has a history of awarding fees in line with the above requested rates, and in many cases even higher rates. *Armstrong v. Brown*, 805 F. Supp. 2d 918, 922-23 (N.D. Cal. 2011) (Appendix A); *Elder v. National Conference of Bar Examiners*, C-11-00199-SI, 2011 WL 4079623 (N.D. Cal. Sept. 12, 2011); *Rodriguez v. Barrita, Inc.*, Case No. 5:09-cv-04057-RS (Dkt. #293) (Jul. 1, 2014); *Rodgers v. Claim Jumper Restaurant, Inc., et al.,* Case No. 4:13-cv-05496-YGR (Dkt. #65) (April 24, 2015) and recently a matter involving the moving firm, *Love v.*

1    *Rivendell II, LTD. – L.P. , et. Al.*, Case No. 3:18-CV-03907-JST (Dkt. #25)

2    (March 11, 2019)

3      The rates approved in these cases are reported in the chart below:

| Attorney | Rate | Case | Year |
|---|---|---|---|
| Geoffrey T. Holtz | $655/hr | *Armstrong* | 2011 |
| Scott LaBarre | $640/hr | *Elder* | 2011 |
| Ernest Galvan | $560/hr | *Armstrong* | 2011 |
| Celia McGuinness | $550/hr | *Rodriguez* | 2014 |
| Anna Levine | $535/hr | *Elder* | 2011 |
| Sara Norman | $530/hr | *Armstrong* | 2011 |
| Jason Gong | $525/hr | *Rodgers* | 2015 |
| Mark Potter | $650/hr | *Rivendell II* | 2019 |
| Russell Handy | $650/hr | *Rivendell II* | 2019 |
| Phyl Grace | $650/hr | *Rivendell II* | 2019 |
| Dennis Price | $410/hr[2] | *Rivendell II* | 2019 |
| Farrell Goodman | $410/hr | *Rivendell II* | 2019 |

Not only are plaintiff's counsel's requested rates fully consistent within the market rate but they should expect to receive full compensation. Both state and federal law advocates for full and substantial compensation for disability civil rights attorneys:

> Per statutory provisions by the United States Congress and the California Legislature to ensure that there are attorneys willing to perform the important function of securing the rights of disabled persons to "full participation in the social and economic life of the state" and to "full and equal access," it is necessary to provide

---

[2] This matter differs from the prior motion. Mr. Price and Ms. Seabock have taken on supervisory roles at the firm and their experience in this matter differs from the tasks in *Rivendell II*. Their rate requested are accordingly higher. Junior attorneys in this matter are billed at the lower $410 rate.

substantial compensation for this work. Encouraging competent attorneys to handle ADA Title III cases is necessary for effective enforcement: former California Attorney General Dan Lungren, in a 1993 Opinion, held that California building officials could not independently enforce the ADA, and that enforcement was left primarily to private lawsuits.

*Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1075 (N.D. Cal. 2010). "Indeed, were it not for the efforts of those attorneys willing to undertake the representation of ADA plaintiffs, there would be little, if any, enforcement of this landmark statute." *Hansen v. Deercreek Plaza, LLC*, 420 F.Supp.2d 1346, 1349 (S.D.Fla. 2006).

Based on the evidence of market rate and the public interest in encouraging the private bar in enforcing the ADA, plaintiff's counsels' rates should be approved by this court.

## B.    Hours Reasonably Expended

As the first step in the calculation of an equitable award, the Court should determine the number of hours reasonably expended in this litigation: The starting point of every fee award, once it is recognized that the court's role in equity is to provide just compensation for the attorneys, must be a calculation of the attorneys' services in terms of the time he has expended on the case. Anchoring the analysis to this concept is the only approach that can claim objectivity, a claim which is 'obviously vital' to the prestige of the bar and the courts." *Serrano v. Priest*, 20 Cal.3d 25, 49 (1977), *citing Lindy Bros. Builders, Inc. of Phila. v. American Radiator*, 487 F.2d 161 (3rd Cir 1973).

Furthermore, only hours found to have been reasonably expended may be allowed. Plaintiff is not entitled to an award of attorney's fees for hours which were duplicative, unproductive, excessive or otherwise unnecessary. *Hensley*, 461 U.S. at 434. A fee applicant must exercise "billing judgment" in the preparation of the attorney's fee application; '[h]ours not properly billed to

one's client are not properly billed to one's adversary pursuant to statutory authority". *Copeland v. Marshall*, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original), *quoted* in *Hensley*, 461 U.S. at 484. A fair award is the product of reasonable hours and reasonable rates, and represents an objective basis for an initial determination of attorney's fees.

The case has not seen a tremendous amount of work. Nonetheless, the case reasonably and necessarily involved pre-filing investigation, complaint drafting, emails, letters, phone conversations, court filings, this motion and the other trappings of a litigated case. Plaintiff's attorneys have expended more than 70.1 hours to date and estimate another 8 hours for dealing with an opposition brief, drafting the reply, and attendance at oral argument. As is obvious from the billing statement (exhibit 2), there has been no overbilling in this case. All of the hours submitted to the court in the accompanying declaration of Mark Potter and the attached billing were reasonably incurred in the prosecution of this case.

### III.   HENSLEY FACTORS

In *Hensley v. Eckerhart*, (1983) 461 U.S. 424, the Supreme Court stated that the lodestar is the "presumptively reasonable fee amount" and that the Court can adjust upward or downward by a multiplier in "rare" or "exceptional" cases only. *Id.* at 433; *Van Gerwen v. Guarantee Mutual Life*, 214 F.3d 1041, 1045 (9th Cir. 2000); *see also Welch*, 480 F.3d at 946. Additionally, the *Hensley* court outlined twelve factors that a Court may consider when determining the appropriate fee award or any departure from it. Many of the factors are already subsumed into the lodestar discussion but plaintiff will briefly discuss each factor.  Plaintiff seeks no modification of the lodestar.

**A.      Time and Labor Required**

As stated above, the plaintiff showed billing judgment and restraint.  The case was not over litigated and plaintiff's counsel expended less than two full work week. The plaintiff seeks no multiplier as the time expended will be compensated by the lodestar.

**B.      Novelty and Difficulty of Issues**

The Americans with Disabilities Act itself and its interaction with California State Law is ever evolving and involves new issues and new challenges on a constant basis. Aside from the fairly novel area of Americans with Disabilities Act work in general, this case presented no significant legal issues of first impression and plaintiff seeks no multiplier based on this issue.

**C.      Skill Required to Perform Legal Service**

The Americans with Disabilities Act was passed in 1990 and the Unruh Civil Rights Act was amended in 1992 to incorporate the ADA.  There are only a handful of attorneys with expertise in the area. Access under Title III of the Americans with Disabilities Act is predicated upon requirements to provide access to existing public accommodations, new construction and alterations to existing buildings. Those requirements in existing public accommodations turn on whether the removal of architectural barriers is "readily achievable."  In turn, there is a plethora of federal regulations, Department of Justice advisory opinions, interpretive manuals and case law that is argued by both plaintiffs and defendants as to what constitutes architectural barriers and the extent of the remedial measures necessary, if any, to remove the architectural barrier. Furthermore, there is the overlaying application of Title 24 of the California Code of Regulations requirements to public accommodations which were

constructed or altered after 1982, and the American National Standards Institute (ANSI) between 1970 and 1982.

A successful prosecution of disability access cases is dependent upon a plaintiff's attorney having a thorough knowledge of the ADA and all its implementing regulations, Americans With Disabilities Act Accessibility Guidelines, Title 24 of the California Code of Regulations, ANSI standards, and the relevant sections for the California Health and Safety Code, the California Civil Code, and the California Government Code. In addition, an intimacy with the body of case law which has developed around the ADA (among which over two dozen published decisions were handled by plaintiff's counsel's office) and state statutory schemes, and the ability to couple this knowledge with a practical, strategic approach to interfacing with defendants, their own personal counsel, insurance defense attorneys, insurance carriers and the Court is absolutely essential.

In short, handling disability access cases demand the services of an attorney trained and specializing in the area of law. This case did not present specialized or skillful challenges and was a fairly straight-forward application of the law.

**D.    Preclusion of Other Work**

Plaintiff's attorneys have spent more than 70.1 hours in prosecuting this case. That time could not be used, simultaneously, for other cases or other clients. Thus, the work on this case precluded other work that could have and would have been done and billed for. Nonetheless, the lodestar fully compensates for that work.

### E.    Customary Fee

As covered above, the rates and fees charged by plaintiff's counsel are market rates.

### F.    Fixed or Contingent Fee

As is the case with virtually all civil rights cases, the fees in this case were contingent upon prevailing. Had the plaintiff not prevailed, the plaintiff's attorneys would not be able to recover monies to compensate them for the outlay of time spent in prosecuting this case. Nonetheless, plaintiff's counsel is not seeking a multiplier.

### G.    Time Limitations

There were no unique time limitations imposed by either the client or the circumstances.

### H.    Amount Involved and Results Obtained

Under the Americans with Disabilities Act, there are no damages available. The only remedy is injunctive relief. Plaintiff informally obtained the remedial relief because the defendants agreed to remedy the violations. Additionally, under his Unruh Civil Rights Act cause of action, the plaintiff was entitled to damages. Cal. Civ. § 52(a). It's difficult to measure the "damage" caused by denial of access. Thus, the Unruh Civil Rights Act has a minimum that a defendant must pay. In an Unruh case before the California Supreme Court, the defendant violated the law but argued that it had "not harmed a single hair on the plaintiff's head or subjected him to the slightest deprivation or embarrassment of any kind." *Koire v. Metro Car Wash*, 40 Cal.3d 24, 33 (1985). The Court stated, "by passing the Unruh Act, the Legislature established that arbitrary sex discrimination by businesses is per se injurious. Section 51

provides that all patrons are entitled to equal treatment. Section 52 provides for minimum statutory damages of $250 [previous minimum] for every violation of section 51, regardless of the plaintiff's actual damages." *Id.* at 33. The minimum damage award that was in effect for the plaintiff's case was $4,000. Courts just don't award that much money for violations that do not involve impact injury. For example, in one of the only published decision to actually identify a damage award: *Boemio v. Love's Restaurant*, 954 F.Supp. 204 (S.D. Cal. 1997), the court held a bench trial, found for the plaintiff, and awarded $1,000 (the minimum) although the plaintiff had to urinate in the parking lot. This case was no different from other access denial cases with respect to damages. It simply never involved large sums of money. The $8,000 damages agreement and the remedial relief obtained during the case, means that the plaintiff easily qualifies as a prevailing party entitled to his attorney's fees and costs.

### I.  Experience and Ability of Attorneys

See discussion under "Hourly Rates" above.

### J.  Undesirability of the Case

This case, like many small dollar civil rights cases, is low on the desirability scale.  The clientele is largely (as in the present case) very low income or indigent. Payment is completely dependent upon winning. It is usually big business and insurance companies on the other side.

### K.  Nature and Length of Professional Relationship with Client

The Center for Disability Access has no relationship with Mr. Johnson other than in representing him in his ADA/Unruh claims.

**L.    Awards in Similar Cases.**

This matter is discussed above.

## IV.    LITIGATION COSTS

The plaintiff seeks $2,524.30 in costs. This includes traditional costs such as the service cost ($30) and the filing fee ($400) as well as the litigation expenses that includes the investigation ($1,600) and Deposition fees ($494.30). Section 505 of the Americans with Disabilities Act (42 U.S.C. § 12205) authorizes reasonable attorney's fees, including "litigation expenses and costs," in any action brought under the Act. This includes all costs normally associated with litigation including investigative costs:

> According to committee reports, Congress included the term "litigation expenses" in order to authorize a court to shift costs such as expert witness fees, travel expenses, and the preparation of exhibits. See H.R. Rpt. No. 101-485(III) at 73, reprinted in 1990 U.S.C.C.A.N. 445, 496 (Report of the Committee on the Judiciary) ("Litigation expenses include the costs of expert witnesses. This provision explicitly incorporates the phrase 'including litigation expenses' to respond to rulings of the Supreme Court that items such as expert witness fees, travel expenses, etc., be explicitly included if intended to be covered under an attorney's fee provision."); H.R. Rpt. No. 101-485(II) at 140, reprinted in 1990 U.S.C.C.A.N. 303, 423 (Report of the Committee on Education and Labor) ("Litigation expenses include the costs of experts and the preparation of exhibits.").

*Lovell v. Chandler,* 303 F.3d 1039, 1058 (9th Cir. 2002). "The federal statute, unlike the state statutes, explicitly provides for not only attorney's fees but also litigation expenses and costs." *Saldana-Neily v. Taco Bell of Am., Inc.*, 2008 WL 793872, *3 (N.D. Cal. 2008).

## V.    CONCLUSION

The plaintiff respectfully requests that his motion be granted and he be awarded $43,284.30.

Dated: April 1, 2019                    CENTER FOR DISABILITY ACCESS

                                        By:    /s/ Mark Potter
                                               Mark Potter, Esq.
                                               Attorneys for Plaintiff