1  MICHAEL HOFFMAN, Bar No. 162496
   ALEX W. CRAIGIE, Bar No. 167766
2  ARENA HOFFMAN LLP
   220 Montgomery Street, Suite 905
3  San Francisco, CA  94104
   Telephone:    415.433.1414
4  Facsimile:    415.520.0446
   Email:        mhoffman@arenahoffman.com
5                acraigie@arenahoffman.com

6  Attorneys for Defendant
   AUTOZONE PARTS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  SCOTT JOHNSON,                        Case No. 4:17-cv-02941-DMR

12              Plaintiff,                **DEFENDANT'S OPPOSITION TO MOTION
                                          FOR AN AWARD OF ATTORNEY'S FEES;
13       v.                               MEMORANDUM OF POINTS AND
                                          AUTHORITIES**
14  AUTOZONE, INC., A NEVADA
    CORPORATION; AND DOES 1 – 10,         [*FILED CONCURRENTLY WITH
15                                        DECLARATIONS OF ALEX CRAIGIE AND
              Defendants.                 CONOR MACK*]
16

17

18                                        Hearing Date: May 8, 2019
                                          Time:          9:00 A.M.
19                                        Courtroom:     3

20                                        Hon. Judge Phyllis J. Hamilton

21

22       Defendant AutoZone Parts, Inc. ("AutoZone" or "Defendant") hereby opposes the motion of

23  Plaintiff Scott Johnson for an award of attorney's fees and costs of $43,284.30, or **540%** of the

24  $8,000.00 judgement entered by this Court on March 18, 2019. This opposition is based on the

25  attached memorandum of points and authorities and the concurrently filed declarations of

26  AutoZone's counsel, Alex Craigie and Conor Mack.

27

28

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

OPP. TO MTN FOR AWARD OF                                 CASE NO. 4:17-cv-02941-DMR
ATTORNEY'S FEES

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

### I.   INTRODUCTION

4

#### A.   Factual Background

5

This lawsuit arose from visits by Plaintiff Scott Johnson to an AutoZone store located at

6

5747 Pacheco Boulevard, in Pacheco, California.[1] Johnson, a quadriplegic who uses a wheelchair,[2]

7

alleges he encountered that the "disabled parking stall and access aisle were not level with each other

8

because there was a built up curb ramp running into the access aisle."[3] For much of the litigation,

9

Johnson also alleged that the store parking lot lacked sufficient disabled parking stalls,[4] however he

10

ultimately abandoned this claim.[5] Notwithstanding the uneven surface slopes of the disabled parking

11

stall, Johnson did successfully park, enter the store and purchase an automotive wash bucket and

other items.[6]

#### B.   Procedural Background

12

Johnson is a "frequent filer" of disability access cases in the U.S. District Courts for the

13

Northern and Eastern Districts of California. Pacer research suggests he has filed approximately

14

**3,591** such cases in these two venues alone in recent years.[7] He filed his complaint in this matter on

15

May 22, 2017.[8] He pled causes of action for violations of the Americans with Disabilities Act of

16

1990 and California's Unruh Civil Rights Act.[9] AutoZone answered on July 18, 2017.[10]

17

Plaintiff communicated an opening demand of $24,000. Consistent with General Order No.

56, the parties met and conducted a joint inspection at the AutoZone store on August 28, 2017.[11] The

18

same day, AutoZone initiated the next requirement under General Order 56 to "meet and confer" to

19

address the possibility of settlement.[12] AutoZone subsequently, in compliance with General Order

20

No. 56, agreed in writing to remove legitimate barriers identified in Plaintiff's complaint and

21

22

[1] Dkt. 29-4 (Scott Decl.), at 2.

23

[2] *Id.* at 1.

[3] Dkt. 1 (Complaint), at 3.

24

[4] *Id.*

[5] Dkt. 29-1 (Mem. Ps As), at 7-8.

25

[6] Dkt. 29-5 (Exh. 3).

[7] Craigie Decl., at 3-4.

26

[8] Dkt. 1.

[9] *Id.*

27

[10] Dkt. 12 (Answer).

[11] Craigie Decl., at 1.

28

[12] *Id.* at 2 & Exh. A.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

OPP. TO MTN FOR AWARD OF
ATTORNEY'S FEES

2.

CASE NO. 4:17-cv-02941-DMR

1
2
requested a breakdown of the attorney's fees and costs incurred to date, to help AutoZone formulate a reasonable settlement position.[13]

3
4
Plaintiff ultimately sent, not a "breakdown" of his attorney's fees and costs, but rather a "summary" of the attorney's fees and costs.[14] AutoZone's efforts to obtain a true "breakdown" of Plaintiff's fees and costs were met with resistance and refusal.[15]

5
6
7
8
9
10
Additionally, on October 2, 2017, AutoZone served an FRCP 68 offer of judgment to plaintiff in the amount of $8,000.00, the <u>exact</u> amount of the judgment plaintiff ultimately obtained, in addition to removal of the legitimate barriers identified in plaintiff's complaint.[16] On February 14, 2018, AutoZone served a second FRCP 68 offer, in the amount of $12,000.00, in addition to removal of the legitimate barriers identified in plaintiff's complaint.[17] Plaintiff never dropped his demand below $19,000, and did so only three (3) weeks before filing his motion for summary judgment.[18]

11
12
13
Without making any effort to meet and confer, Plaintiff filed a motion for summary judgment on February 27, 2019.[19] AutoZone filed its notice of non-opposition to the motion for summary judgment on March 12, 2019.[20] This Court issued a judgment on plaintiff's motion on March 18, 2019.[21]

14
**C.    Summary of Argument**

15
16
17
18
19
20
21
22
While a prevailing party in a case alleging ADA and Unruh Act violations typically recovers reasonable attorney's fees and costs, this case presents an anomaly which justifies this Court in refusing to award Plaintiff *any* fees. Plaintiff made no effort to alert AutoZone of the alleged barriers to access before filing a lawsuit. Plaintiff made no serious effort to reach an early resolution before generating sufficient fees to justify his $24,000 demand, despite AutoZone's clear willingness to remove the legitimate barriers to access and resolve the case. Further, despite the apparent "need" to hire an investigator to verify his claims, Plaintiff included illegitimate – easily verifiable – claims in his complaint that were later disavowed.[22] While Plaintiff ultimately "prevailed" in obtaining injunctive relief (which AutoZone willingly agreed upon), he only prevailed on one of his two

23
24
25
26
27
28
[13] *Id.* at 3 & Exh. B.
[14] *Id.* at 5 & Exhs. D & E.
[15] *Id.* at 6-7 & Exhs. F &G.
[16] *Id.* at 4 & Exh. C. The offer expired.
[17] *Id.* at 8 & Exh. H. The offer expired.
[18] *Id.* at 12.
[19] Dkt. 29 (Motion for Summary Judgment).
[20] Dkt. 32 (Notice of Non-Opposition).
[21] Dkt. 36 (Judgment).
[22] Dkt. 27 (Minute Order in which "Plaintiff's counsel informs the Court that the number of parking spaces is no longer an issue.")

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

OPP. TO MTN FOR AWARD OF
ATTORNEY'S FEES

CASE NO. 4:17-cv-02941-DMR

1   claims, and recovered only nominal damages, well out of proportion with the exorbitant fees he

2   seeks. The Court should deny Plaintiff any fees or costs.

3          Alternatively, even if the Court awards Plaintiff some fees, they should be drastically limited.

4   The rates sought for his lawyers are excessive based on the relevant analysis, including the nature of

5   repetitive nature of disability access litigation and Plaintiff's utter failure to offer any evidence

    establishing that fees of $650 per hour reflect those charged in the  Northern District for ADA

6   premises access litigation. Plaintiff's lawyers further overbilled for many activities, billed for

7   duplicative efforts, including for activities that were both unnecessary and ultimately time-barred

8   and recorded time on this case meant for other matters. Accordingly, and as more fully set forth

9   below, Plaintiff's claimed fees should be denied or drastically reduced.

10  **II.     ARGUMENT**

11         **A.     <u>The Court Should Deny Plaintiff's Request for Attorney's Fees</u>** *In Toto*

           Recovery of attorney's fees by a prevailing party in an ADA disability access case is

12  <u>discretionary</u>, not automatic. 42 U.S.C. §12205. Fee-shifting statutes are never intended to "reward

13  attorneys." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000).  In civil

14  rights cases, the Supreme Court has upheld the principle that, "[w]hen the plaintiff's success is

15  purely technical or *de minimis,* no fees can be awarded. Such a plaintiff either has failed to achieve

16  victory at all, or has obtained only a Pyyrhic victory for which the reasonable fee is zero." *Farrar v.*

17  *Hobby*, 506 U.S. 103, 117 (1992) (O'Connor, J., concurring). "[A] technical victory may be so

18  insignificant ... as to be insufficient to support prevailing party status." *Texas State Teachers Assn. v.*

    *Garland Indep. School Dist*., 489 U.S. 782, 792 (1989). Such is the case here, where Plaintiff could

19  have resolved this case nearly two years ago for exactly the judgement issued by this Court, but

20  chose instead to continue litigating at bloated rates.

21         Additionally, while not binding authority over this Court, certain pronouncements by the

22  California Supreme Court, in *Chavez v. City of Los Angeles*, 47 Cal.4th 970 (2010), are instructive.

    There, a police officer brought employment claims against the City under the California Fair

23  Employment and Housing Act (FEHA), which grants the trial court discretion to award attorney's

24  fees to a prevailing party. *Id.* at 976. Although the officer prevailed, he won $11,500, less than one-

25  half of the superior court jurisdictional limit. *Id.* His attorneys thereafter filed a motion seeking

26  attorney's fees which, including a 2x lodestar enhancement, totaled $870,935.50. *Id.* at 981.

27         The *Chavez* trial court denied the motion for attorney's fees. *Id.* The California Court of

28  Appeal reversed and the Supreme Court granted review. *Id.* at 981-82. The Supreme Court reversed,

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

OPP. TO MTN FOR AWARD OF                    4.                    CASE NO. 4:17-cv-02941-DMR
ATTORNEY'S FEES

1    and held that the trial court had not abused its discretion in denying the fee request. The Supreme

2    Court based this holding, in part, on a presumption that the trial court found the officer's fee request

3    was "unreasonably inflated." In so holding, the Court said:

4        "Whether plaintiff was entitled to an award of attorney fees for time spent litigating the

5        single successful claim requires consideration of another established principle governing

         attorney fee awards: "A fee request that appears unreasonably inflated is a special

6        circumstance permitting the trial court to reduce the award or deny one altogether." (*Serrano*

7        *v. Unruh* (1982) 32 Cal.3d 621, 635, 186 Cal.Rptr. 754, 652 P.2d 985; accord, *Ketchum v.*

8        *Moses* (2001) 24 Cal.4th 1122, 1137, 104 Cal.Rptr.2d 377, 17 P.3d 735.) Here, the trial court

9        reasonably could and presumably did conclude that plaintiff's attorney fee request . . . was

10       grossly inflated when considered in light of the single claim on which plaintiff succeeded, the

         amount of damages awarded on that claim, and the amount of time an attorney might

11       reasonably expect to spend in litigating such a claim. This fact alone was sufficient, in the

12       trial court's discretion, to justify denying attorney fees altogether.

13   47 Cal.4th at 990-91.

14       By any measure, Plaintiff's request for attorney's fees is unreasonably inflated. As a

15   consequence of the bloated rates and unnecessary, duplicative activities and entries, Plaintiff is

16   seeking a fee award that is **540%** of the judgment. This Court should not reward this, but rather deny

17   Plaintiff's request for fees and costs altogether.

18       **B.**    **Plaintiff Should Only Recover Fees For Activities That Are Demonstrated To**
                   **Relate To Prosecution Of Legitimate Claims**

19       Plaintiff's complaint alleged only two barriers to access on the entire property: (1) "disabled

20   parking stall and access aisle were not level with each other because there was a built up curb ramp

21   running into the access aisle (the "slope" claim);[23] and (2) "[b]ecause there are 65 parking spaces in

22   the parking lot serving the Store, there should have been three complaint parking spaces for persons

     with disabilities. Unfortunately, there were only two parking spaces reserved for persons with

23   disabilities" (the "minimum spaces" claim). [24] However, Johnson's own expert/investigator

24   acknowledged there are only 46 total parking spaces, two of which are disabled spaces,[25] meaning

25   AutoZone met the ADA standard, and the "minimum spaces" claim was completely specious.

26

27   [23] Dkt. 1, at 3 (Complaint).
     [24] *Id.*

28   [25] Dkt. 29-7, at 2 (Declaration of Tim Wegman).

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

OPP. TO MTN FOR AWARD OF            5.            CASE NO. 4:17-cv-02941-DMR
ATTORNEY'S FEES

1    Plaintiff should certainly not recover any fees incurred in prosecuting the meritless

2    "minimum spaces" claim. Given how simple it was to verify, Plaintiff risked FRCP 11 sanctions by

3    including it in his complaint. Plaintiff is hardly a "prevailing party" on this claim, since he ultimately

4    abandoned it. As the *Hensley* Court stated, "work on an unsuccessful claim cannot be deemed to

5    have been 'expended in pursuit of the ultimate result achieved.' The congressional intent to limit

6    awards to prevailing parties requires that these unrelated claims be treated as if they had been raised

7    in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim."

8    461 U.S. at 435 (*quoting*, *Davis v. County of Los Angeles*, 8 E.P.D. ¶9444, at 5049 (C.D. Cal.

     1974)).

9    The problem is that Plaintiff's time entries do not differentiate between time spent on the

10   "slope" claim and time pursuing the "minimum spaces" claim, rendering it impossible for the Court

11   to separate entries that are legitimate from those which are not. Given this dilemma—of Plaintiff's

     own making—the Court should deny Plaintiff's request for attorney's fees altogether.

12   ### C.    Plaintiff Is Seeking Grossly Unreasonable Rates

13   In the Ninth Circuit, the proper method for determining reasonable attorneys' fees is to use

14   the "lodestar method." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cnty.*,

15   815 F.2d 1258, 1262 (9th Cir.1987). The trial court calculates attorneys' fees by multiplying the

16   number of hours reasonably spent by counsel by a reasonable hourly rate. *Morales v. City of San

     Rafael*, 96 F.3d 359, 363 (9th Cir.1996).

17   "In setting the rate, the district court also should consider the factors set forth in *Kerr v.

18   Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir.1975). The *Kerr* factors are: (1) the time and

19   labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to

20   perform the legal service properly; (4) the preclusion of other employment by the attorney due to

21   acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time

22   limitations imposed by the client or the circumstances; (8) the amount involved and the results

23   obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the

     case; (11) the nature and length of the professional relationship with the client; and (12) awards in

24   similar cases." *Cotton v. City of Eureka, Cal.*, 889 F.Supp.2d 1154, 1165 (N.D. Cal. 2012).

25   "After deciding the appropriate hourly rate, the district court then examines the fee

26   applicant's contemporaneously recorded billing records and exclude from the lodestar amount hours

27   that are "excessive, redundant, or otherwise unnecessary." *Id.* (*citing*, *Hensley*, 461 U.S. at 434).

28   Here, the rates Plaintiff seeks for his attorneys' time are not reasonable. "The fee applicant bears the

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

OPP. TO MTN FOR AWARD OF                        6.                      CASE NO. 4:17-cv-02941-DMR
ATTORNEY'S FEES

1
2
3
4

burden of showing that the requested rate is reasonable based on 'the prevailing market rate in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation. *Johnson v. Iqbal*, 2016 WL 3407773 at *1 (*quoting, D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1384 (9th Cir. 1990).

5
6
7
8
9
10
11
12
13
14

A firm's "customary schedule of charges, though entitled to consideration, is not dispositive of the issue: "a private client might well be willing to buy a Stradavarius when a Guadagnini would plainly do, or to pay top dollar for either when the same instrument could be purchased less expensively elsewhere.  The court must, therefore, turn a realistic eye on the proffered pricing, endeavoring to fashion rates 'adequate to attract competent counsel but which do not produce windfalls to attorneys.'" *United States v. Metropolitan Dist. Comm'n* (1st Cir. 1988) 847 F.2d 12, 19, *quoting Hensley v. Eckerhart* 461 U.S. at 430 n.4.  At the outset, Plaintiff's counsel has made no evidentiary or anecdotal showing of the "prevailing market rate" in the Northern District for their practice. Plaintiff staffed this case with no less than thirteen (13) lawyers, three of whom, Mark Potter, Russell Handy and Phyl Grace, purport to bill at the glaring rate of $**650** per hour. The remaining lawyers seek rates that range from $410 to $500. Application of several of the *Kerr* factors weighs in favor of uniformly adjusting all lawyers' rates downward.

15

### 1.      The Time And Labor Required

16
17
18
19
20
21

This was not a laborious case by any measure. There were no battles over pleadings. There were no battles over discovery. Plaintiff visited the AutoZone store and encountered only one legitimate barrier to access, although he still entered the store and completed his purchase. Plaintiff served a single set of written discovery. Plaintiff took a single deposition. AutoZone demonstrated an eager interest in removing the legitimate barrier to access and resolving the case very early. The path from Plaintiff's visit to the store to his $8,000 judgment was not unduly taxing. This factor supports adjusting the rates downward.

22

### 2.      The Novelty And Difficulty Of The Questions Involved

23
24
25
26

This factor weighs heavily against awarding Plaintiffs' counsel an excessively high rate. While his first disability access case may have presented Mr. Potter with a novel or difficult question, he now boasts that he has handled "over 2,000 disability" access cases on behalf of plaintiffs just like Mr. Johnson.[26]  Pacer searches suggest the number is likely far higher.[27] As the court observed in *Johnson v. Wayside Prop., Inc.*, 2014 WL 6634324, *6 (E.D. Cal. 2014), "While

27
28

---

[26] Dkt. 37-4 at 2 (Index of Exhibits).
[27] Craigie Decl. at 3-4.

OPP. TO MTN FOR AWARD OF
ATTORNEY'S FEES

7.

CASE NO. 4:17-cv-02941-DMR

1  disability access cases are a subset of civil rights practice, the reasonable hourly rate merited in

2  routine disability access cases typically *falls below* the hourly rate charged in more complicated civil

3  rights case." "[D]efendants in these [disability access] cases are usually prepared to quickly settle.

4  Thus, this case can be said to involve no novel questions." *Doran v. Corte Madera Inn Best Western*,

   360 F.Supp.2d 1057, 1063 (N.D. Cal. 2005) (emphasis added).

5  ### 3.    The Skill Requisite To Perform The Legal Service Properly

6          This factor also weighs against high attorney rates. There is only minimal evidentiary

7  development required to properly prove a disability access plaintiff's case, either through summary

8  judgment or bench trial. One reason, as the *Doran* court points out, defendants are generally anxious

9  to settle quickly is there are very limited defenses, resulting in almost strict liability for any

10 landowner or lessor who violates the ADA. To the extent discovery is performed at all, it is done

11 through written discovery and depositions are rare. If summary judgment motions have not yet been

12 reduced to a form, they should be. In short, great skill is not required to properly investigate, file and

   prosecute ADA disability access cases.

13 ### 4.    The Preclusion Of Other Employment By The Attorney Due To

14          Acceptance Of The Case

15         Given that Plaintiff's counsel is kept busy continuously filing numerous cases on his behalf,

16 this factor weighs in favor of a reduced rate. Johnson has filed more than 3,500 such cases in the

17 Northern and Eastern Districts.[28]

   ### 5.    The Customary Fee and Whether It Is Fixed Or Contingent

18         Although Plaintiff may have a contingency arrangement with his lawyers, the likelihood of

19 their fee recovery is nearly certain, provided they have identified the existence of a barrier to access

20 and a collectible defendant. Thus, this factor is not informative.

21         In fixing a customary fee, "[t]he relevant community 'is the forum in which the district court

22 sits.'" *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010). "Plaintiff must

23 provide 'satisfactory evidence' that the fee he requests for Mr. Potter comports with the prevailing

   rate in this district for similar legal services." *Johnson v. Guendoir*, 2017 WL 3172994, *4 (E.D.

24 Cal. 2017) (*citing, Blum v. Stenson*, 465 U.S. 886, 895, n.11 (1984)). Mr. Potter and two other

25 lawyers seek $650 per hour. While they devote a declaration to outlining their experience, they fail

26 to make any showing whatsoever to meet their burden that this high rate is reasonable for this type of

27 litigation in this district. Cases suggest that Northern District courts have not recently permitted Mr.

28 [28] *Id.*

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

OPP. TO MTN FOR AWARD OF
ATTORNEY'S FEES
8.
CASE NO. 4:17-cv-02941-DMR

Potter to recover more than $425. *See, Johnson v. Altamira Corp.*, 2017 WL 1383469, *4 (N.D. Cal. 2017); *Shaw v. Five M, LLC*, 2017 WL 747465, *5 (N.D. Cal. 2017). At a minimum, this factor favors adjustment of his rate downward from $650 to $425, or approximately 35% (although even this rate seems unduly steep, given the lack of complexity of this litigation). A consistent approach would be to adjust all other attorneys' rates 35% downward, as well.

### 6. Time Limitations Imposed By The Client Or The Circumstances

This factor weighs against an excessive rate. Over a year passed between Plaintiff's visit to the AutoZone and the filing of his complaint. As the *Doran* court remarked:

> "[N]early a year passed between Mr. Doran's visit to Corte Madera Inn Best Western on April 4, 2002, and the filing of this action on March 19, 2003, thereby only narrowly bringing plaintiffs within the statute of limitations. This delay, left unexplained by plaintiffs, suggests that there was no great urgency to this case.

360 F.Supp.2d at 1064. Here, just as in *Doran*, based on Plaintiff's delay in filing his complaint (almost two years), there was clearly "no great urgency to this case."

### 7. The Amount Involved And The Results Obtained

This factor also weighs against a high rate. As demonstrated by the judgment issued by this Court, disability access plaintiffs are limited to a small civil penalty, potential deterrence damages and injunctive relief.

### 8. The "Undesirability" Of The Case

This factor also weighs against an excessive rate. As the *Doran* court points out, "such a simple and lucrative case would not be viewed as 'undesirable' by other attorneys." 340 F. Supp.2d at 1063.

### 9. The Nature And Length Of The Professional Relationship With The Client

The fact that Plaintiff's attorneys have filed thousands ADA lawsuits on Johnson's behalf suggests they have enjoyed a long and successful relationship, by any measure. As the *Doran* court discussed:

> [A]s to the nature and length of the professional relationship with the client, it is clear that Mr. Frankovich and Mr. Doran have a longstanding professional relationship, working to the material advantage of both . . ."

360 F.Supp.2d at 1063. This factor weighs against an excessive rate.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

OPP. TO MTN FOR AWARD OF
ATTORNEY'S FEES                              9.                         CASE NO. 4:17-cv-02941-DMR

1    Application of the *Kerr* factors, then, clearly weighs in favor of adjustment to the lodestar to

2    result in at least a 35% rate reduction to all attorneys.

3    **D.      The Court Should Strike or Reduce Hours That Were Not Reasonably**

4    **Expended**

5    "The applicant should exercise 'billing judgment' with respect to hours worked." *Hensley*,

     461 U.S. at 437. A "district court may reduce the total hours included in the lodestar calculation

6    'where . . . the case was overstaffed and hours are duplicated . . . [or] if the hours expended are

7    deemed excessive or otherwise unnecessary.'" *Johnson v. Lin*, 2016 WL 1267830, *1 (*quoting,*

8    *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986)). Importantly, courts in this

9    district have been skeptical toward awarding fees in disability access cases in which the plaintiff's

10   counsel relies on "tasks that had already been accomplished in prior litigation and were merely

11   copied or adapted for this case." *Doran*, 360 F.Supp.2d at 1062.

12

13   **1.      The Following Entries Reflect Excessive Time.**

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 7/23/15 | discussions with client; discussed his case; discussed his contacts with the geographical area for standing purposes and his likelihood of returning to maintain federal jurisdiction | M. Potter | 0.9 |

17   Argument: Mr. Potter has represented Plaintiff Scott Johnson in over 3,500 disability access

18   cases. All of these issues have surely been addressed many times.

19

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 5/19/17 | conducted public records research to determine the identity of the responsible parties and to determine if there had been alterations or modifications that would have triggered stricter Title 24 obligations for this property: assessor parcel number: 125-240-047-6 | R. Handy | 2.2 |

25   Argument: Public records research should not be billed at a partner's rate. At most, it should

26   be billed at a paralegal's rate, although the Ninth Circuit has noted that "purely clerical or secretarial

27   tasks should not be billed at a paralegal rate, regardless of who performs them." *Davis v. City & Cty.*

28   *of San Francisco,* 976 F.2d 1536, 1543 (9th Cir. 1992). In other suits brought by Johnson, courts

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

OPP. TO MTN FOR AWARD OF                    10.                    CASE NO. 4:17-cv-02941-DMR
ATTORNEY'S FEES

1    have found that time spent conducting a public records search was clerical in nature and warranted a

2    reduction in hours billed. *See, Johnson v. Wayside Prop., Inc.*, 2014 WL 6634324, *4 (E.D. Cal.

3    2014). This time entry should be stricken or drastically reduced.

4

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 5/19/17 | Drafted the complaint | R. Handy | 2.5 |

7    Argument: The complaint filed by Plaintiff in this matter is duplicative of the complaint he

8    has filed in over 3,500 disability access cases over the past few years. 2.5 hours, billed by a partner,

9    is excessive and should be reduced. Courts in this district have reduced time spent preparing a

10   disability access complaint to 0.5. *See, e.g., Doran*, 360 F.Supp.2d at 1062.

11

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 7/9/17 | reviewed and analyzed Answer filed by Defendant; notes to file | R. Handy | 0.9 |

14   Argument: Nearly an hour spent reviewing an answer in this type of case is excessive and

15   should be reduced.

16

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 1/30/18 | Prepared for mediation conference | M. Melton | 2 |

19   Argument: Given the lack of complexity of this matter, counsel's familiarity with handling

20   *thousands* of factually identical cases, 2 hours is an excessive amount of time to spend preparing for

21   a mediation. This should be reduced by at least half.

22

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 1/31/18 | travelled to and attended mediation conference; notes to file | M. Melton | 6 |

26   Argument: The mediation itself only lasted approximately 3.1 hours.[29] This is an excessive

27   entry.

---

[29] Mack Decl., at 2.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

OPP. TO MTN FOR AWARD OF
ATTORNEY'S FEES                    11.              CASE NO. 4:17-cv-02941-DMR

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 12/3/18 | Drafted set one discovery requests (RFA RFPD and ROG) for defendant AutoZone, Inc.; instructed assistant to serve | B. Smith | 2 |

Argument: Plaintiff serves the same boilerplate discovery in each of his 3,500 cases. At least one court, albeit in the Eastern District, has cut a similar entry by the Potter Handy firm to 0.5 hours for preparation of written discovery. *See, Johnson v. Guendoir*, 2017 WL 3172994 at *3. This Court should do the same.

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 2/4/19 | Reviewed and analyzed discovery responses received from defendant Autozone, Inc. to Plaintiff's set one discovery requests; updated case notes | S. Gunderson | 1.5 |

Argument: 1.5 hours to review AutoZone's responses to written discovery is excessive and should be reduced.

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 2/19/19 | Reviewed supplemental responses to Plaintiff's set one discovery requests (RFA RFPD and ROG); updated case notes | S. Gunderson | 2 |

Argument: 2 hours to review supplemental discovery responses is excessive and should be reduced.

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 2/27/19 | drafted Notice and Motion, PNA, SUF, and other documents in support of Plaintiff's Motion for Summary Judgement, compiled exhibits and instructed staff to file | I. Masanque | 6.5 |

Argument: Plaintiff and his attorneys (on behalf of other clients, as well) have filed substantially identical motions for summary judgment many times. The Court should not permit

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

OPP. TO MTN FOR AWARD OF
ATTORNEY'S FEES

12.

CASE NO. 4:17-cv-02941-DMR

them to "reinvent the wheel" at AutoZone's expense, particularly where there was no effort to meet and confer or serve an offer of judgment before bringing the motion. Again, fee shifting statutes are not intended to "reward attorneys." *Van Gerwen*, 214 F.3d at 1047. This entry should be drastically reduced.

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 3/18/19 | Reviewed deposition transcript of PMK D. Catron and exhibits | E. Montgomery | 2 |

Argument: Plaintiff's attorneys purport to record 2 hours of time to review a deposition fully ten (10) days *after* receiving (and billing 0.2 for reviewing) AutoZone's notice of non-opposition to Plaintiff's pending motion for summary judgment. As all evidence in support of the motion had been filed and it was unopposed, there was no need to review the PMK deposition transcript. This was clearly unnecessary and should be stricken *in toto*.

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| EST | reviewed billing; removed items that could be taken as duplicative or unreasonable; redacted as appropriate | M. Potter | 0.3 |

Argument: Plaintiff should not recover for time his attorneys spent reviewing their bills to root out duplicative or unreasonable billing entries, particularly where, as illustrated herein, Plaintiff's billing is rife with abuse. A client would not be expected to absorb this billing and neither should AutoZone. This entry should be stricken.

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| EST | Time to review opposition brief, draft the reply brief, attend oral argument | M. Potter | 8 |

Argument: Plaintiff's counsel should not recover for a full day's work in preparing a reply to this opposition. At least one district court has reduced Mr. Potter's time for this exact entry to 1.6 hours. *Johnson v. Iqbal*, 2016 WL 3407773, *3 (E.D. Cal. 2016). This Court should do the same.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

OPP. TO MTN FOR AWARD OF ATTORNEY'S FEES                 13.                 CASE NO. 4:17-cv-02941-DMR

**2.      The Following Entries Reflect Duplicative Time.**

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 5/4/16 | reviewed Investigator Douglas Clark's report and photos; phone conversation with him re the same; notes to file | M. Potter | 0.7 |
| 3/22/17 | reviewed Investigator Tyler Anderson's report and photos; phone conversation with him re the same; notes to file | R. Handy | 0.6 |

Argument: Neither Douglas Clark nor Tyler Anderson authored a declaration in support of Plaintiff's motion for summary judgment. It is unclear why multiple investigators authored reports which required multiple attorneys to review. In his declaration supporting this motion, Mr. Potter avers that he "paid my investigator . . ."[30] which makes it seem odd there are billing entries relating to *two* separate investigators. In any event, the activities are duplicative. One or both entries should be stricken.

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 12/13/18 | Reviewed email from defense counsel re extension for responding to Pl's set one discovery requests; email reply to defense counsel re forwarding the request to the handling attorney Elliott Montgomery | P. Grace | 0.2 |
| 12/13/18 | Reviewed and responded email from defense counsel re granting a conditioned extension to defendant for serving discovery responses set one | E. Montgomery | 0.2 |
| 1/22/19 | Reviewed message from staff re call from defense counsel re extension request to serve Defendant's set one discovery responses | E. Montgomery | 0.1 |

Argument: These entries reflect duplicative efforts concerning a simple request for extension to respond to written discovery. One or more entries should be stricken.

---

[30] Dkt. 37-4 at 2 (Index of Exhibits).

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

**3.** **The Following Entries Reflect Time Spent on Arranging A Second Site Inspection That Was Both Unnecessary and Ultimately Barred by the Fact Discovery Cutoff**

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 3/28/18 | evaluated case to see if a site inspection would be required, determined that it did and instructed staff to contact expert Gary Waters re his availability for site inspection | E. Montgomery | 0.5 |
| 4/2/18 | Instructed assistant to send a follow-up email to expert Mr. Gary Waters re availability to conduct site inspection; reviewed response from Mr. Waters re his availability | E. Montgomery | 0.2 |
| 4/3/18 | Instructed assistant to coordinate with defense counsel re scheduling site inspection on a mutually agreeable date; reviewed response from defense counsel | E. Montgomery | 0.2 |
| 4/3/18 | Instructed assistant to notify Mr. Waters re coordinating with defense counsel re site inspection schedule | E. Montgomery | 0.1 |
| 4/3/18 | reviewed response from defense counsel re Defendant Autozone, Inc.'s objection to any further site inspection | E. Montgomery | 0.1 |
| 4/3/18 | Left voice mail to defense counsel re expert site inspection | E. Montgomery | 0.1 |
| 4/3/18 | Email to defense counsel re expert site inspection | E. Montgomery | 0.1 |
| 4/3/18 | Reviewed email from defense counsel re meet and confer re issue of Plaintiff's proposed additional site inspection | E. Montgomery | 0.1 |
| 4/3/18 | email reply to defense counsel re issue re expert site inspection | E. Montgomery | 0.1 |
| 4/20/18 | Instructed assistant to email expert Mr. Gary re need to file a motion to compel site inspection | E. Montgomery | 0.1 |
| 2/4/19 | evaluated case to see if a site inspection would be required, determined that it did and instructed staff to contact expert Gary Waters re his availability for rescheduling expert site inspection | S. Gunderson | 0.3 |
| 2/4/19 | Reviewed response from Mr. Waters re his available date and time to conduct expert site inspection | S. Gunderson | 0.1 |
| 2/4/19 | Drafted site inspection notice; instructed assistant to serve | E. Montgomery | 0.3 |
| 2/4/19 | instructed assistant to email Mr. Waters with site | E. Montgomery | 0.1 |

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

OPP. TO MTN FOR AWARD OF
ATTORNEY'S FEES

15.

CASE NO. 4:17-cv-02941-DMR

| | inspection notice | | |
|---|---|---|---|
| 3/7/19 | Reviewed email from defense counsel re objection to proceed with the site inspection | E. Montgomery | 0.1 |
| 3/7/19 | Reviewed Objection to Plaintiff's request for entry and inspection | E. Montgomery | 0.1 |
| 3/8/19 | Instructed assistant to email expert Mr. Gary Waters notifying defense counsel's objection to the upcoming site inspection; reviewed response from Mr. Waters | E. Montgomery | 0.3 |

Argument: Plaintiff's counsel collectively spent 2.9 hours arranging for a second inspection of the subject AutoZone store that never occurred. Rather, when Plaintiff finally served his notice for the second inspection, he scheduled the inspection to occur *after* the fact discovery cut-off date.[31] AutoZone objected and the inspection did not take place.[32] Plaintiff cannot credibly argue that any of the time spent on this activity was necessary. Further, as illustrated above, even if the inspection had gone forward, many of the entries are duplicative. The entries on April 28, 2018 and February 4, 2019, for example, are *identical*. All 2.9 hours related to a second site inspection should be stricken.

**4.    The Following Entries Reflect Time Spent Regarding Appointment of Jimmie Johnson as VDRP Neutral Even Though Jimmie Johnson Was Never Appointed or Considered as a VDRP Neutral**

| Date | Description | Biller | Time |
|---|---|---|---|
| 4/2/18 | Reviewed email from Mr. Crouch (Admin Assistant) re appointment of Mr. Jimmie Johnson as a VDRP neutral | E. Montgomery | 0.1 |
| 4/2/18 | Reviewed response from defense counsel re defendant's consent to appointment of Mr. Johnson as a mediator | E. Montgomery | 0.1 |

Argument: These entries, if legitimate at all, belong to another case. Jimmie Johnson was never appointed as a VDRP neutral in this case.[33] Rather, he was appointed as the VDRP neutral in another case brought by Scott Johnson against AutoZone and others, *Johnson v. Valley Mack Plaza*

---

[31] Craigie Decl., 9 & Exh. I (Request for Entry).
[32] *Id.* at 10 & Exh. J (Objection).
[33] *Id.* at 11.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

OPP. TO MTN FOR AWARD OF
ATTORNEY'S FEES

16.

CASE NO. 4:17-cv-02941-DMR

1
2

*Co., L.P., et al.*, 2:17-cv-01125-TLN-EFB.[34] Plaintiff should not be rewarded for submitting, even if inadvertently, false billing entries to this Court.

3
4

**5.      Fees for Merely "Instructing Staff" to Do An Activity Should Not Be Recoverable**

5
6
7

Again, the cases are clear that "purely clerical or secretarial tasks" should not be billed. *Davis,* 976 F.2d at 1543. Examination of Plaintiff's billing statement reveals that his counsel included at least twenty (20) entries in which at least 2.6 hours were recorded for "instructing assistant" to perform one task or another. This time should be stricken or greatly reduced.

8
9

In sum, if the Court does award Johnson his attorney's fees, the Court should strike or reduce hours that were not reasonably expended.

10

**C.      Plaintiff should not recover any fees or costs incurred after the expiration of  AutoZone's $8,000 statutory offer**

11
12
13
14
15
16
17

AutoZone served a FRCP Rule 68 offer in the amount of $8,000 on October 2, 2017.[35] Plaintiff allowed the offer to expire.[36] Rule 68(d) provides: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Here, AutoZone does not seek its costs, but submits that Plaintiff should not ignore a legitimate Rule 68 offer that is precisely the amount of the eventual judgment, but then recover attorney's fees and costs, particularly the bloated fees and costs requested by Johnson here. On this basis, the Court should deny Plaintiff any fees incurred after November 2, 2017.

**CONCLUSION**

18
19
20
21
22
23
24

The Court should deny Plaintiff's requested attorney's fees and costs *in toto*. Plaintiff made no serious effort to reach an early resolution before generating sufficient fees to justify his $24,000 demand, despite AutoZone's clear willingness to remove the legitimate barriers to access and resolve the case. Further, Plaintiff pursued illegitimate claims that were later disavowed. While Plaintiff ultimately "prevailed" in obtaining injunctive relief (which AutoZone willingly agreed upon), he only prevailed on one of his two claims, and recovered only nominal damages, well out of proportion with the exorbitant fees he seeks. The Court should deny Plaintiff any fees or costs.

25
26

Alternatively, even if the Court awards Plaintiff some fees and costs, the rates sought are unreasonable, as they do not reflect the geographic community or the serial nature and predictability of disability access litigation. Further, Plaintiff's lawyers overbilled for certain activities, billed for

27
28

[34] *Id.* and Exh. K (April 5, 2018 letter).
[35] Craigie Decl., 2 & Exh. C (Offer).
[36] *Id.*

OPP. TO MTN FOR AWARD OF
ATTORNEY'S FEES                                    17.                    CASE NO. 4:17-cv-02941-DMR

duplicative efforts, including for activities that were both unnecessary and ultimately time-barred and recorded time on this case meant for other matters. The Court should reduce the rates charged by 35% and strike or reduce time fees that are not in conformity with the law.

Dated: April 14, 2019

/S/ MICHAEL HOFFMAN
MICHAEL HOFFMAN
ALEX W. CRAIGIE
ARENA HOFFMAN LLP
Attorneys for Defendant
AUTOZONE PARTS, INC.

OPP. TO MTN FOR AWARD OF
ATTORNEY'S FEES

18.

CASE NO. 4:17-cv-02941-DMR