MICHAEL HOFFMAN, Bar No. 162496
ALEX W. CRAIGIE, Bar No. 167766
ARENA HOFFMAN LLP
220 Montgomery Street, Suite 905
San Francisco, CA  94104
Telephone:	415.433.1414
Facsimile:	415.520.0446
Email:	mhoffman@arenahoffman.com
	acraigie@arenahoffman.com

Attorneys for Defendant
AUTOZONE PARTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>             Plaintiff,<br><br>      v.<br><br>AUTOZONE, INC., A NEVADA CORPORATION; AND DOES 1 – 10,<br><br>             Defendants. | Case No. 4:17-cv-02941-DMR<br><br>**DECLARATION OF ALEX CRAIGIE IN SUPPORT OF OPPOSITION TO MOTION FOR AN AWARD OF ATTORNEY'S FEES**<br><br>Hearing Date: May 8, 2019<br>Time:             9:00 A.M.<br>Courtroom:     3<br><br>Hon. Judge Phyllis J. Hamilton |

Defendant AutoZone Parts, Inc. ("AutoZone" or "Defendant") submits the following declaration of its counsel, Alex Craigie, in support of its opposition to the motion of Plaintiff Scott Johnson for an award of attorney's fees and costs

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

DEC AWC ISO OPP. TO MTN FOR
AWARD OF ATTORNEY'S FEES

CASE NO. 4:17-cv-02941-DMR

# DECLARATION OF ALEX CRAIGIE

Alex Craigie declares:

I am over the age of 18. I am an attorney licensed to practice before all state and federal courts in California and Of Counsel to Arena Hoffman LLP, counsel for Defendant AutoZone Parts, Inc. This declaration is submitted in support of AutoZone's opposition to the motion of plaintiff Scott Johnson for an award of attorney's fees and costs. Except as indicated otherwise, if called as a witness, I could and would testify competently to the following from personal knowledge:

1. The parties met and conducted a joint inspection of the subject AutoZone store on August 28, 2017.

2. On August 28, 2017, I sent a letter to plaintiff's counsel to pursue the "meet and confer" requirement of General Order No. 56, to address the possibility of settlement. I requested that plaintiff provide, within ten (10) days, a list of barriers to disabled access that plaintiff was alleging truly existed after having completed the site inspection. A true and correct copy of this letter is attached as Exhibit A.

3. On August 30, 2017, I sent another communication to plaintiff's counsel in which <u>I indicated that AutoZone was prepared to remove all need for injunctive relief</u>. I requested, pursuant to General Order No. 56, that plaintiff provide a breakdown of his attorney's fees and costs. A true and correct copy of my August 30, 2017 correspondence is attached as Exhibit B.

4. On October 2, 2017, my client, AutoZone, served an FRCP 68 offer of judgment to plaintiff in the amount of $8,000.00, the exact amount of the judgment plaintiff ultimately obtained in this matter, in addition to removal of the legitimate barriers identified in plaintiff's complaint. A true and correct copy of this offer of judgment is attached as Exhibit C. This offer automatically expired.

5. Following multiple communications, plaintiff finally, on October 19, 2017, provided the requested breakdown. A true and correct copy of the email exchange concerning this request and receipt of a breakdown of plaintiff's attorney's fees is attached as Exhibit D. A true and correct copy of the purported "breakdown" of plaintiff's fees and costs is attached as Exhibit E.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

DEC AWC ISO OPP. TO MTN FOR AWARD OF ATTORNEY'S FEES    2.    CASE NO. 4:17-cv-02941-DMR

6. Upon receipt of plaintiff's "breakdown" of fees and costs, it was clear that plaintiff was not providing a true breakdown, but rather a mere summary of fees billed by five (5) lawyers. On October 20, 2017, I wrote to plaintiff's counsel requesting they provide a more detailed explanation of the fees incurred to-date. A true and correct copy of my October 20, 2017 letter is attached as Exhibit F.

7. On October 23, 2017, plaintiff's counsel replied to my October 20th letter and refused to provide any more detailed information about their firm's billing on this matter to-date. A true and correct copy of this letter is attached as Exhibit G.

8. On February 14, 2018, AutoZone served a second FRCP 68 offer, in the amount of $12,000.00, in addition to removal of the legitimate barriers identified in plaintiff's complaint. A true and correct copy of this offer is attached as Exhibit H. This offer automatically expired.

9. On February 5, 2019, Plaintiff served a request for entry and inspection of the subject AutoZone store. A true and correct copy of this document is attached as Exhibit I.

10. On March 7, 2019, AutoZone objected to Plaintiff's request for entry and inspection of the subject AutoZone store. A true and correct copy of AutoZone's objection is attached as Exhibit J. The inspection did not take place.

11. Attorney Jimmie Johnson has never been elected/selected to preside over the VDRP process in this matter. However, Jimmie Johnson was elected to preside over the VDRP process in another case filed by Scott Johnson against AutoZone and others, captioned *Johnson v. Valley Mack Plaza Co., L.P., et al.*, 2:17-cv-01125-TLN-EFB. Attached as Exhibit K is a true and correct copy of a letter sent to counsel, including myself, in that matter on or about April 5, 2018.

12. Plaintiff's opening settlement demand to AutoZone was $24,000. Plaintiff only lowered his demand to $19,000, and did so on February 21, 2019, just weeks before filing his motion for summary judgment on March 19, 2019.

13. I am informed that the removal of all barriers to disabled access, which AutoZone agreed to performed within six (6) months after plaintiff filed his complaint, were completed in or around early March, 2019.

14. On April 14, 2019, I performed a Pacer search for lawsuits filed by Scott Johnson in the U.S. District Court for the Northern District of California. In addition to using Johnson's full name, I limited the search to "Americans with Disabilities Act – Other" in the Nature of Suit field, and "Americans with Disabilities Act" in the Cause of Action field. This yielded 870 lawsuits.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

DEC AWC ISO OPP. TO MTN FOR AWARD OF ATTORNEY'S FEES   3.   CASE NO. 4:17-cv-02941-DMR

15. On April 14, 2019, I performed a Pacer search for lawsuits filed by Scott Johnson in the U.S. District Court for the Eastern District of California. In addition to using Johnson's full name, I limited the search to "Americans with Disabilities Act – Other" in the Nature of Suit field, and "Americans with Disabilities Act" in the Cause of Action field. This yielded two Plaintiffs. One plaintiff named Scott Johnson had 577 such cases and the second plaintiff named Scott Johnson had 2,144 such cases.

16. On the basis of two Pacer searches for the U.S. District Court for the Northern and Eastern Districts of California, I estimate that Plaintiff has filed approximately 3,591 disability access cases.

I declare under penalty of perjury of the laws of the state of California and the United States that the foregoing is true and correct and that this declaration was executed on April 15, 2019, in Montecito, California.

/S/ Alex W. Craigie
ALEX W. CRAIGIE

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

DEC AWC ISO OPP. TO MTN FOR AWARD OF ATTORNEY'S FEES    4.    CASE NO. 4:17-cv-02941-DMR