1  MICHAEL HOFFMAN, Bar No. 162496
   ALEX W. CRAIGIE, Bar No. 167766
2  ARENA HOFFMAN LLP
   44 Montgomery Street, Suite 3520
3  San Francisco, CA  94104-4828
   Telephone:   415.433.1414
4  Facsimile:   415.520.0446
   Email:       mhoffman@arenahoffman.com
5                acraigie@arenahoffman.com

6  Attorneys for Defendant
   AUTOZONE PARTS, INC.
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  SCOTT JOHNSON,                      Case No. 4:17-cv-02941-DMR

12                  Plaintiff,          **DECLARATION OF ALEX CRAIGIE RE
                                        PARTIES' ATTEMPT TO STIPULATE TO
13         v.                           REASONABLE ATTORNEY FEES**

14  AUTOZONE, INC., A NEVADA
    CORPORATION; AND DOES 1 – 10,
15                                      Hon. Judge Phyllis J. Hamilton
                    Defendants.
16

17

18         Defendant AutoZone Parts, Inc. ("AutoZone" or "Defendant") submits the following

19  declaration of its counsel, Alex Craigie, to provide clarification regarding the parties' meet and

20  confer to attempt to stipulate to reasonable attorney fees.

21

22

23

24

25

26

27

28  DEC AWC RE PARTIES' ATTEMPT TO                    CASE NO. 4:17-cv-02941-DMR
    STIPULATE TO REASONABLE
    ATTORNEY FEES

## DECLARATION OF ALEX CRAIGIE

Alex Craigie declares:

I am over the age of 18. I am an attorney licensed to practice before all state and federal courts in California and Of Counsel to Arena Hoffman LLP, counsel for Defendant AutoZone Parts, Inc. This declaration is submitted to provide the Court clarification regarding the parties' efforts to meet and confer and stipulate to reasonable attorney fees and costs. If called as a witness, I could and would testify competently to the following from personal knowledge:

1.      I make this declaration to provide the Court with clarification regarding the parties' efforts to meet and confer and attempt to stipulate to reasonable attorney fees. I do not believe the declaration of Plaintiff's counsel, Dennis Price, provides the Court with an accurate picture of the discussions.

2.      Following the hearing on May 8, 2019 before this Court on Plaintiff's motion for an award of attorney fees, I received an email from Plaintiff's counsel Dennis Price advising of the Court's order.

3.      That afternoon, I sent Mr. Price an email suggesting that, since it was clear from the court's comments to counsel during the hearing (which were generally communicated to me by my colleague, Conor Mack, who attended) that the Court had a problem with both the rates Plaintiff's counsel sought and also many billing entries which were either duplicative, unnecessary and/or for which excessive time was charged, he should make a reasonable offer to reduce their requested fees and costs.

4.      Again, that afternoon, Mr. Price wrote back refusing to make a suggestion how to reduce the fees and costs, but instead asking for AutoZone to make an offer. On AutoZone's behalf, I offered $4,000. This represented the difference between AutoZone's last Rule 68 offer of judgment ($12,000) and the actual judgment ($8,000). It was also the limit of my settlement authority.

5.      Mr. Price wrote back rejecting AutoZone's offer. He agreed to come back with a "counter." He wrote back later on May 8, 2019 with the $33,132.30 "counter" he has advised this Court about.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4828
415.433.1414

DEC AWC RE PARTIES' ATTEMPT TO STIPULATE TO REASONABLE ATTORNEY FEES

2.

CASE NO. 4:17-cv-02941-DMR

6.     After communication with my client, on May 9th, I informed Mr. Price that AutoZone would not go above $4,000.

7.     As evidenced by his declaration, Mr. Price clearly feels AutoZone did not negotiate in good faith. Perhaps this feeling motivated him to mischaracterize the sequence of our multiple meet and confer communications in his declaration to this Court. Read from Mr. Price's perspective, it would appear that AutoZone did not participate in any discussions before today (Friday). That is patently untrue. In fact, all substantive communications were concluded yesterday, May 9th.

8.     Contrary to Mr. Price's view, AutoZone is negotiating in good faith, considering AutoZone earnestly believed this Court should deny Plaintiff's fee motion altogether. From this perspective, AutoZone's $4,000 is actually generous.

I declare under penalty of perjury of the laws of the state of California and the United States that the foregoing is true and correct and that this declaration was executed on May 10, 2019, in Montecito, California.

*/S/ Alex Craigie*
ALEX W. CRAIGIE

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

DEC AWC RE PARTIES' ATTEMPT TO STIPULATE TO REASONABLE ATTORNEY FEES                    CASE NO. 4:17-cv-02941-DMR